NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0533n.06

No. 14-4190

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 29, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| YAHYA BILAL, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |

_____/

BEFORE: SUHRHEINRICH and GRIFFIN, Circuit Judges; STAFFORD, District Judge.[*]

STAFFORD, District Judge. Yahya Bilal appeals the sentence imposed by the district court following his guilty plea to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Bilal was sentenced to a mandatory minimum sentence of fifteen years under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). Bilal contends that the district court improperly counted as one of three violent felonies under the ACCA a 1995 Ohio conviction for attempted aggravated robbery with firearm specification and, therefore, erred in sentencing him as an armed career offender.

The ACCA imposes a mandatory minimum sentence of fifteen years' imprisonment upon any individual who violates § 922(g)(1) and has three previous convictions for a "violent felony."

_____

[*]The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

No. 14-4190, *United States v. Bilal*

18 U.S.C. § 924(e)(1). "Violent felony" is defined in the ACCA as

> any crime punishable by imprisonment for a term exceeding one year . . . that
>
>> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

*Id.* § 924(e)(2)(B) (emphasis added). The language italicized above is known as the ACCA's residual clause.

Bilal's 1995 offense did not include "as an element the use, attempted use, or threatened use of physical force against the person of another" and so could not qualify as a "violent felony" under § 924(e)(2)(B)(I). It was also not one of the enumerated crimes listed in § 924(e)(2)(B)(ii), namely burglary, arson, extortion, or a crime involving the use of explosives. Consequently, to qualify as a "violent felony" under the ACCA, Bilal's 1995 conviction for attempted aggravated robbery had to do so under the ACCA's residual clause.

In *Johnson v. United States*, No. 13 7120, 2015 WL 2473450 (June 26, 2015), the Supreme Court held that the ACCA's residual clause violates the Constitution's guarantee of due process because it is unconstitutionally vague. *Id.* at *11. We are required to apply *Johnson* to Bilal's case. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (holding that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final"). Under *Johnson*, Bilal's 1995 conviction does not qualify as a predicate offense under the ACCA. We accordingly VACATE Bilal's sentence and REMAND the case to the district court for resentencing in light of *Johnson*.