UNITED STATES of America,
Plaintiff-Respondent,

v.

Jay NAGY, Defendant-Petitioner.

CASE NO. 5:13-CR-138

United States District Court,
N.D. Ohio.

Signed November 6, 2015

Margaret A. Sweeney, Kelly L. Galvin, Office of the U.S. Attorney, Cleveland, OH, for Plaintiff-Respondent.

Debra Kanevsky Migdal, Office of the Federal Public Defender, Akron, OH, Jeffrey B. Lazarus, Office of the Federal Public Defender, Cleveland, OH, for Defendant-Petitioner.

## OPINION & ORDER

### JAMES S. GWIN, UNITED STATES DISTRICT JUDGE

On September 9, 2015, Petitioner Jay Nagy filed a motion for relief under 28.-U.S.C. § 2255 and *Johnson v. United States*.[1] He seeks relief from the sentence imposed based upon the Supreme Court's recent decision in *Johnson v. United States*.[2]

For the following reasons, this Court **GRANTS** Petitioner's motion and sets the case for de novo sentencing.

### I. Procedural History

On September 23, 2013, this Court sentenced Petitioner Nagy to 180 months of imprisonment. Petitioner Nagy was sentenced after a jury found him guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and knowingly possessing a stolen firearm, in violation of 18 U.S.C. § 922(j).

The background of Nagy's convictions is worth revisiting. On a bitterly cold and snowy February 2013 night, Akron police arrested Petitioner Nagy after observing Nagy reaching into cars around 3:15 a.m.[3]

While working as a laborer, Nagy had fallen off a roof and sustained numerous injuries, including to his back.[4] To treat the severe pain, Nagy's doctor prescribed Percocet and then Ultram.[5] Nagy became addicted. Without health insurance or work, Nagy substituted heroin. At the time of his arrest, Petitioner Nagy had been grabbing change and other items from unlocked cars. In one unlocked car, Nagy took a small firearm that a woman had left in her car.[6]

As the officer began to frisk Nagy, the officer asked Petitioner if he had anything on him that would "cut, poke, or stab" the officer. Petitioner Nagy stopped the officer mid-sentence and volunteered that he had a gun in his pocket.[7] At trial, Petitioner Nagy testified that he had not realized the object he grabbed from inside the car was a gun until he stopped ten minutes after breaking into the car.[8]

Petitioner Nagy testified that at that point, "a lot of things" went through his mind. He explained, "I didn't want nothing—I wanted to get rid of it."[9] Petitioner Nagy testified that he is scared of firearms because when Nagy was a child, his father had pointed loaded guns in Nagy's face on numerous occasions. Petitioner Nagy explained that he had no intention of holding onto the gun and "was trying to think of the best way to get rid of it. I didn't want to throw it down on the ground. I didn't want a child to come across it. That was all the things going on. I didn't really know what to do with it."[10]

---

1. Doc. 78.

2. *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

3. Doc. 70 at 568–69.

4. Doc. 59 at 28.

5. *Id* at 29.

6. Doc. 70 at 635–637.

7. Doc. 70 at 570.

8. *Id.* at 639.

9. *Id.* at 640.

10. *Id.* at 642.

After a jury found Mr. Nagy guilty, this Court was required to impose a 180 month sentence. At the time of sentencing, three of Petitioner Nagy's prior felonies counted as predicate felonies for the purposes of the ACCA. These predicate felonies qualified him as an ·Armed Career Criminal, which carries a mandatory minimum sentence of 180 months under 18 U.S.C. § 924(e).

At Mr. Nagy's original sentencing, he had six convictions that seemingly qualified as predicates under the Armed Career Criminal Act ("ACCA"):

1. Failure to Comply with Signal or Order of Police Officer, Ohio Revised Code § 2921.331, Case No. 2007-09-3143, Summit County Common Pleas Court. Convicted on November 21, 2007.[11]

2. Domestic Violence. Ohio Revised Code § 2919.25(A), Case No. 2007-09-3143, Summit County Common Pleas Court. Convicted on November 21, 2007.[12]

3. Failure to Comply with Signal or Order of Police Officer, Ohio Revised Code § 2921.331, Case No. 04-02-0458, Summit County Common Pleas Court. Convicted on June 30, 2004.[13]

4. Attempted Failure to Comply with Signal or Order of Police Officer, Ohio Revised Code §§ 2921.331, 2923.02. Case No. 01-CR-0471, Medina County Common Pleas Court. Convicted on April 12, 2002.[14]

5. Robbery, Ohio Revised Code § 2911.02, Summit County Common Pleas Court, Case No. 97-01-0062. Convicted on April 16, 1997.[15]

6. Domestic Violence, Ohio Revised Code § 2919.25, and Abduction, Ohio Revised Code § 2905.02. Case No. 95-07-1997, Summit County Common

Pleas Court. Convicted on October 6, 1995.[16]

At sentencing, this Court sentenced Nagy to 180 months on count 1, the statutory minimum sentence, and a 60-month concurrent sentence on count 2.

During sentencing, this Court emphasized that it was "hamstrung" by the ACCA and stated, "I would have sentenced him well below the 15 years, but I am constrained in that." The Court added that the ACCA's mandatory minimum "is nowhere close to a just punishment."[17]

Petitioner Nagy now argues that in light of the Supreme Court's recent decision in *Johnson v. United States*, he no longer qualifies for the ACCA and his sentence should thus be vacated and subject to de novo sentencing.[18] The Government opposes Petitioner's motion.[19]

## II. Law and Analysis

(A) *28 U.S.C. § 2255*

Under 28 U.S.C. § 2255,

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which im-

---

11. Doc. 59 ¶ 61.

12. *Id.*

13. *Id.*

14. *Id.* ¶ 50.

15. *Id.* ¶ 45.

16. *Id.* ¶ 42.

17. Doc. 71 at 763–64.

18. Doc. 78.

19. Doc. 81.·

posed the sentence to vacate, set aside or correct the sentence.

■ A petitioner seeking relief under Section 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[20]

### (B) *The Armed Career Criminals Act (ACCA)*

Under the ACCA, a defendant faces a fifteen year mandatory minimum sentence if he is charged as a felon in possession of a firearm and has three or more earlier "violent felony" convictions.

The Armed Career Criminals Act defines "violent felony" as:

any crime punishable by imprisonment for a term exceeding one year ... that—

(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*[21]

The last clause of subsection (ii)—a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—is known as the "residual clause." On June 26, 2015, the Supreme Court issued an opinion in *Johnson v. United States*, holding that this residual clause was unconstitutionally vague.[22]

At issue now is whether Petitioner Nagy's six ACCA predicate convictions are affected by *Johnson*. The government concedes that "the new rule of constitutional law announced in *Johnson* is retroactive in *all* ACCA cases."[23]

■ A state statute need not have an express element mirroring the force clause to qualify as a predicate offense under the ACCA. However, the state statute must necessarily entail "the use, attempted use, or threatened use of physical force against the person of another."[24]

The leading case that discussed this provision is the 2010 *Johnson v. United States* decision.[25] There, the Supreme Court analyzed a Florida battery statute that allowed a conviction when a person "actually and intentionally touches or strikes another person against [his] will."[26] The Court found that the Defendant's conviction for battery "was a predicate conviction for a 'violent felony' under the Armed Career Criminal Act only if '[a]ctually and intentionally touch[ing]' another person constitutes the use of 'physical force' within the meaning of § 924(e)(2)(B)(I).[27]

---

**20.** *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir.2003).

**21.** 18 U.S.C. § 924(e)(2)(B) (emphasis added).

**22.** —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

**23.** Doc. 81 at 6.

**24.** 18 U.S.C. § 924(e)(2)(B).

**25.** 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (unrelated to the 2015 *Johnson* opinion).

**26.** *Id.* at 133, 130 S.Ct. 1265 (quoting Fla. Stat. § 784.03(1)(a)).

**27.** *Id.* at 136, 130 S.Ct. 1265. The Court focused on the more minimal "actually and intentionally touching" rather than "strike" because "nothing in the record of Johnson's 2003 battery conviction permitted the District Court to conclude that it rested upon anything more than the least of these acts." *Id.* Similarly, in taking the modified categorical approach, the Court can narrow down the predicate offense to Ohio Rev. Code § 2911.01(A)(1), but it must consider the

The Supreme Court in *Johnson* then held that under the ACCA, "physical force" means "violent force—that is, force capable of causing physical pain or injury to another person." Moreover, the term physical "plainly refers to force exerted by and through concrete bodies—distinguishing physical force from, for example, intellectual force or emotional force."[28]

A defendant could be convicted under the Florida battery statute for "any intentional physical contact, 'no matter how slight.' "[29] As a result, the Court in *Johnson* found that the statute did not have an element of the use, attempted use, or threatened use of physical force. In *Johnson*, the Court found that the Florida battery statute did not qualify as a predicate offense for Armed Career Offender purposes.

Here, the government concedes that three of the convictions used to find Nagy an Armed Career Offender were based on the residual clause and are no longer valid.[30]

Nagy's remaining three potential ACCA predicate convictions are: 1) Robbery under Ohio R.C. 2911.02; 2) Domestic Violence under Ohio R.C. 2919.25(A); and 3) Domestic Violence and Abduction under Ohio R.C. 2919.25(A) and 2905.03(A)(2).

None of these fall under the remaining clause in § 924(e)(2)(B)(ii). They are not burglary, arson, extortion, nor do they involve the use of explosives. Rather, the question is whether these crimes have "as an element the use, attempted use, or threatened use of physical force against the person of another."

This Court examines each of these convictions in turn.

1) *Second Degree Robbery*

At the time of the conviction, Ohio's aggravated robbery statute provided:

(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control;

(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.[31]

Ohio's aggravated robbery statute alternatively punishes conduct that involves "violent force"—*i.e.*, "force capable of causing physical pain or injury" exerted by and through concrete bodies.[32] But Ohio's robbery statute also punishes conduct where an offender has a deadly weapon but where the defendant never displays or *threatens use of the weapon*. One portion of Ohio's aggravated robbery statute satisfies *Johnson's* requirement that the use of 'physical force' be capable of causing physical pain or injury to another person.[33] The other portion does not.

---

"least" of the acts covered by that portion of the statute.

**28.** *Id.* at 138, 130 S.Ct. 1265.

**29.** *Id.*

**30.** These three convictions are for: 1) Failure to Comply with an Order or Signal of a Police Officer (R.C. 2921.331(B)) 2) Failure to Comply with an Order or Signal of a Police Officer

(R.C. 2921.331(B)) 3) Attempted Failure to Comply with an Order or Signal of a Police Officer (R.C. 2923.02 and 2921.331(B)).

**31.** Ohio Rev. Code. § 2911.02 (1996).

**32.** *See Johnson v. United States*, 559 U.S. 133, 134, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).

**33.** *Id.*

■ Because the aggravated robbery statute is divisible, this Court applies the modified categorical approach to decide whether Nagy's convictions are countable as Armed Career Offender predicate offenses. Under this approach, the Court determines "the version of the crime to which the defendant pled guilty."[34] The Court still does not look to the factual background of the offense. However, the Court may look to *Shepard* documents "but only to see which alternative version of the offense is at issue."[35] *Shepard* documents include "examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented."[36] Restating, this Court examines these document

The Government seems to argue that Petitioner Nagy was convicted under R.C. 2911.02(A)(2) of an offense involving inflicting or attempting to inflict physical harm on another. The state court conviction record does not support this. Neither the journal entry, the plea, nor sentencing establish that Nagy was convicted of having inflicted or attempting to inflict physical harm.[37]

In that case, the indictment language charges Nagy with having used a weapon under subsection (A)(1) and details that

Petitioner Nagy had a weapon (a hammer) in his possession during commission of the offense.[38] The indictment does not allege that Nagy used 'physical force' capable of causing physical pain or injury to another person.

Neither the United States nor Nagy have offered evidence of the plea colloquy for this 1996 robbery conviction. And the plea colloquy does not seem available.

In its Journal Entry accepting Nagy's plea to the reduced robbery charge in the 1996 case, the state court judge made a vague finding of "physical harm to a person."[39] But in deciding whether the past conviction involved an offense where physical force had been used, the modified categorical approach limits the evidence that can be considered to "explicit factual finding by the trial judge *to which the defendant assented.*"[40] Nothing presented suggests Nagy assented to the 1996 Journal Entry finding that physical harm to a person had been involved.

At the time of Nagy's 1996 robbery conviction, the language of subsection Ohio R.C. 2911.02(A)(1) did not include the use, attempted use, or threatened use of physical force against the person of another.

In *Patterson*, this Court wrote,

The Armed Career Criminals Act imposes a lengthy fifteen year mandatory min-

---

**34.** *United States v. Covington,* 738 F.3d 759, 762 (6th Cir.2014) quoting *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 2284, 186 L.Ed.2d 438 (2013).

**35.** *Id.*

**36.** *Shepard v. United States,* 544 U.S. 13, 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

**37.** Doc 81-1.

**38.** *Id.* The indictment alleged:

    A) Theodore N. Yarram, Jr. B) Jay Joseph Nagy on or about the seventh day of De-

cember, 1996, in the County of Summit aforesaid, did commit the crime of AGGRAVATED ROBBERY in that he did, in attempting or committing a theft offense, as defined in Section 2313.01 of the Revised Code, to wit: theft or in fleeing immediately after the attempt or offense, <u>have a deadly weapon, to wit: I hammer on or about the offenders person or under the offender's control.</u>" (Emphasis added).

**39.** Doc 81-1.

**40.** *Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (Emphasis added).

imum sentence. The Supreme Court recently invalidated the Act's residual clause as unconstitutionally vague. This decision highlights the burden placed on lower courts to ensure that predicate crimes fit squarely within the purview of the remaining clauses of the statute. Ohio's aggravated robbery statute undoubtedly covers some behavior that implicates physical force. But the statute is not narrowly limited to those situations. Instead, it covers a wide range of behaviors, including those that conceivably do not include the use, attempted use, or threatened use of physical force against the person of another.[41]

This Court reiterates the above as it applies to Mr. Nagy's Second Degree Robbery conviction.

As an initial matter, this Court believes its reasoning in *United States v. Patterson*, is correct. Ohio's current aggravated robbery statute is not a violent felony under the ACCA.

In *Patterson*, this Court explained,

the Court looks to the qualifying element in the Ohio aggravated robbery statute, which allows conviction if defendants "display the weapon, brandish it, indicate that the offender possesses it, or use it." Displaying, indicating possession, or using a weapon covers a wide range of culpable behavior. But that range of behavior does not *necessitate* the use, attempted use, or even threatened use of physical force against the person of another. Instead, a defendant could be culpable under the Ohio statute for using emotional force, or for threat-

ening force against an object rather than a person.[42]

■ Here, the analysis is simpler than in *Patterson*. The Ohio robbery statute at the time of Nagy's conviction did not include the phrase "display the weapon, brandish it, indicate that the offender possesses it, or use it."

At the time of Nagy's conviction, R.C. 2911.02(A)(1) resembled the Ohio robbery statute that the Sixth Circuit has found could qualify as a predicate offense only under the residual clause.[43] Because the residual clause of the ACCA is now invalid, this conviction does not count as a predicate offense under the ACCA.

### 2) *Third Degree Domestic Violence.*

Ohio's domestic violence statute provides as follows:

(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.[44]

■ In January 2015, the Sixth Circuit in *U.S. v. Gatson* considered whether convictions under Ohio's domestic violence statute are violent felonies. In *Gatson*, the Sixth circuit applied *Johnson* and found that felony convictions under Ohio's domestic violence statute are violent felonies.[45] This Court is bound by that decision and thus finds that Mr. Nagy's domestic violence conviction is a predicate offense.

### 3) *Domestic Violence and Abduction*

Because Petitioner Nagy's third potential predicate conviction is for domestic violence and abduction, and this Court has

---

**41.** *United States v. Patterson*, Case No. 5:14–CR–289, Dkt. 69–1, 2015 WL 5675110 (N.D.Ohio, September 25, 2015).

**42.** *Id.*

**43.** *See United States v. Bilal*, 610 Fed.Appx. 569, 570 (6th Cir.2015).

**44.** Ohio Rev. Code § 2911.25(A).

**45.** *United States v. Gatson*, 776 F.3d 405, 410 (6th Cir.2015).

determined that the Sixth Circuit has found that domestic violence does constitute a violent felony, this Court does not reach the question of whether abduction is a violent felony.

### III. Conclusion

This Court finds that Petitioner Nagy's conviction for Second Degree Robbery does not constitute a violent felony. Thus, Petitioner Nagy no longer has three predicate violent felonies. Accordingly, the Court **GRANTS** Petitioner's motion for relief. The sentence is vacated, and the case is set for de novo sentencing.

IT IS SO ORDERED.